IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ATM EXPRESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:04CV990-M |
| | ) [WO] |
| MONTGOMERY, ALABAMA, et al. | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

On 30 September 2005, the parties filed a Joint Motion To Remove Case From the Trial Docket (Doc. # 50). The parties jointly seek a definite stay of this case to permit them to calculate, determine, and settle the plaintiff's claim for damages, to brief the issue of damages if they are unable to settle, and to consider and, if possible, settle the issue of the amount of attorney fees.

I.   PROCEDURAL HISTORY

On 8 July 2005, with an accompanying Memorandum of Law, the court entered a Judgment and Injunction in favor of the plaintiff which (1) declared Montgomery's Ordinance 48-91 to be unconstitutional as applied to the plaintiff's application for a business license; (2) declared the ordinance to be an unconstitutional prior restraint upon the plaintiff's exercise of rights guaranteed by the First Amendment to the U.S. Constitution; (3) enjoined the City and its agents from enforcing the City's denial of a business license to the

plaintiff; (4) set a deadline for the plaintiff's request for attorney fees; and (5) taxed the costs of this action against the defendant (Doc. # 36).

ATM filed its request for attorney fees on 29 July 2005 (Doc. # 41). On 2 August 2005, the court entered an order directing the plaintiffs to file a Notice of Objective Damages, directing the City to file its Answer, and permitting the parties to engage in discovery "strictly limited to the issue of damages" during a period certain, and setting an evidentiary hearing on attorney fees for this date (Doc. # 44).

Counsel for the parties began negotiations to settle the issues of attorney fees and damages and on 30 September 2005, they filed the Joint Motion which is the subject of this order. On this date, in lieu of an evidentiary hearing, the court conducted a telephone conference on the record with the City's and the plaintiff's counsel to discuss and clarify the representations made in the Joint Motion (Doc. # 50). This order is based upon the court's understanding of the parties' intentions and their requests.

## II.  THE PARTIES' REQUESTS

The parties have made the following requests:

1. A cancellation of the evidentiary hearing set for this date;

2. A stay of the proceedings in this case, consisting of

    a. a 275-day stay to enable the plaintiff to make a reasonable calculation of damages, to settle the issue of damages, and to settle the issue of attorney fees;

      b.    a further stay of 14 days to permit the plaintiff to provide the City with "documentation of its income and expenditures"; and

      c.    a further stay of 30 days to permit the City to "examine the Supplemental Notice of Objective Damages and explore possibilities for settlement".

3.    The court's adoption of their proposed briefing schedule; and

4.    The court's approval of the parties' stipulation for payment of the plaintiff's attorney fees accrued through 25 July 2005.

The hearing was not held, and based upon counsel's representations during the recorded telephone conference, the court agrees that a stay is necessary and helpful to the parties in calculating and determining reasonable damages in this case. Indeed, the court notes that the period covered by the stay is largely coterminous with the period which would have been the plaintiff's first months of business, had the City granted the license in 2004.

Moreover, the court further agrees that, after the initial period has concluded, the parties will need time to consider the plaintiff's assessment of damages based upon their income and expenditures. After thorough consideration of the proposed briefing schedule, however, the court is not persuaded that it is useful to set a schedule at this time and that the a contemporaneous evaluation of the parties' respective postures should settlement fail will provide the court with more useful information in determining the nature and scheduling of further proceedings. Finally, the court understands that the parties have agreed on a sum certain as the plaintiff's entitlement to attorney fees up to 25 July 2005 (See Doc. # 50, ¶ 20),

irrespective of their further negotiations, agreements, or proceedings.

## IV.    CONCLUSION

Accordingly, it is ORDERED as follows:

1. The parties' Joint Motion, filed on 30 September 2005, is GRANTED in part and DENIED in part.  Specifically, the requests made in paragraphs A, B, and D on page 7 of the motion are GRANTED, while the request made in paragraph C is DENIED.

2. The request for a stay is GRANTED, and proceedings in this case shall be stayed for a period of 275 days from 8 July 2005.  The 275-day stay shall extend through 9 April 2006.

3. On or before 24 April 2006, the plaintiff shall provide the defendant with documentation of its income and expenditures for the period 11 July 2005 through 9 April 2006.

4. On or before 12 May 2006, the City shall examine the plaintiff's supplemental notice of objective damages, and the parties shall begin exploring the possibilities for settlement.

5. On or before 24 May 2006, the parties shall jointly notify the court of the likelihood, or lack thereof, of settlement of the remaining issues of damages and/or attorney fees.  The parties are specifically DIRECTED to consider court-annexed mediation of their remaining disputes, if any, and to include in

their notice, if appropriate, an indication of the willingness or unwillingness of ALL parties to engage in mediation.

6. If the parties are able to stipulate to settlement of the remaining issues, and so state in their Notice, on or before 2 June 2006, they shall file their final stipulations of full settlement of this case.

7. If the parties file a final stipulation of full settlement of this case on or before 2 June 2006, the City shall pay the sum of $24,975.00 to the plaintiff as attorney fees and costs on or before 14 July 2006. The parties have agreed upon this sum as a reasonable accrual of attorney fees through 25 July 2005. The parties have further agreed, and the court directs, that, if timely payment of this sum is made pursuant to full settlement, no interest shall accrue. If timely payment, pursuant to this order, is not made, the City shall pay interest at the rate of eight percent (8%) per annum from the date of the Stipulation until the sum is paid in full.

8. If the parties file a final stipulation and the City pays attorney fees in compliance with this order, on or before 28 July 2006, the parties shall file a Joint Stipulation of Dismissal, with the understanding that the court will dismiss this case with prejudice.

9. If the parties are not able to settle the remaining issues, and do not choose to mediate, the court will conduct a status conference to determine the parties' respective postures and to determine the appropriate case management

    thereafter.

DONE this 5th day of October, 2005.

                                            /s/ Vanzetta Penn McPherson
                                            VANZETTA PENN MCPHERSON
                                            UNITED STATES MAGISTRATE JUDGE