IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ATM EXPRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO:  2:04cv990-WC |
| | ) | |
| MONTGOMERY, ALABAMA, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 15, 2004, Plaintiff, ATM Express, Inc., ("ATM") brought suit against the City of Montgomery, Alabama ("the City"), and the Montgomery City Council ("the Council"), pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment that business License Ordinance No.: 48-91 ("the ordinance") is unconstitutional under the First and Fourteenth Amendments.  ATM further sought to permanently enjoin the City from enforcing the ordinance and to grant supplemental relief, as permitted by law, including an award of damages and attorney's fees.  The parties consented to have this matter heard before the Magistrate Judge in accordance with the provisions of Title 28, U.S.C. § 636(c)  (Doc. 11, 12).  In an order dated July 8, 2005, ATM's claims against the Council were dismissed with prejudice (Doc. 32).  The Magistrate Judge, in an order dated July 8, 2005, found that the ordinance was not unconstitutional on its face, but found the ordinance unconstitutional as

1

applied to ATM's application for a business license, particularly as it pertained to the City's enforcement of Sections 19C-21(j) and 19C-27 (Doc. 35, 36).  The Magistrate Judge further found that the ordinance was an unconstitutional prior restraint upon the plaintiff's exercise of rights guaranteed by the First Amendment, and enjoined the City from enforcing the license (Doc. 36).  The issue of damages was reserved to the court.

On September 30, 2005, the parties agreed to remove the case from the trial docket (Doc. 50).  A stay was granted for a period of 275 days through April 9, 2006, for the purpose of the parties negotiating appropriate attorney's fees.  If the parties were not able to settle the remaining issues, the court indicated it would conduct a status conference to set this case for trial (Doc. 53).  Mediation, conducted on May 11, 2007, was unsuccessful (Doc. 66).  On June 13, 2007, the City brought a motion for jury trial (Doc. 69).  ATM objected on the basis that the City's request is untimely (Doc. 70).  This memorandum opinion addresses the issue of whether the City should be granted its request for a jury trial.

## ANALYSIS

Rule 38(b) of the Federal Rules of Civil Procedure allows a party to make demand for trial by jury by "(1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d)."  Fed. R. Civ. P 38(b).  An untimely request for trial by jury may be made later, pursuant to Fed. R. Civ. P. 39(b), if a party desires a jury trial at some later date.

2

However, an untimely request for jury trial is discretionary.  Rule 39(b) states:

"[N]otwithstanding the failure of a party to demand a jury in an action in which such a

demand might have been made of right, the court in its discretion upon motion may order

a trial by a jury of any or all issues."  Fed. R. Civ. P. 39(b).  In this Circuit, the court will

generally grant a belated jury request unless there is a strong and compelling reason to the

contrary.  *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983).  In doing so, there are

five factors to be considered:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

This court now turns to the City's arguments.

First, the City contends, without citing any case law, that the issue of damages are

the classic example of an issue best tried by a jury.  However, damages in a civil case are

based on the principle that the injured party be compensated for its loss.  A judge is just as

competent to determine damages as a jury.

Second, the city contends that it believed the issues in the case were only equitable.

But damages were alleged at the inception of this litigation in October 2004.  After

summary judgment on July 8, 2005, damages were the only issue left in dispute, and still,

the City, did not requested a jury trial.  Instead, it asked this court for time to resolve this

sole outstanding issue through negotiations.  On August 26, 2005, plaintiff filed

3

documentation giving the City notice of its claim for extensive damages.  No request for jury trial was made.  Thus, certainly as of August 26, 2005, the City could not maintain the argument that ATM's claim was only equitable.  This court finds that this reason for the City's tardiness is similar to the reason of inadvertence indicated in *Parrot.*  In that case, the court found the trial court did not abuse its discretion by denying a jury trial for the reason of inadvertence.  *Parrott*, at 1267-68.

Further, this court is constrained by *Parrott* to determine whether granting the motion would result in a disruption of the court's schedule or that of the adverse party.  This court believes that it would be both disruptive to the court and ATM.  The City submits that it's current request as of June 13, 2007, will disrupt "neither the Court's nor Plaintiff's schedules" (Doc. 69, p. 2).  Yet, transferring this case to a jury docket would delay this case until December 10, 2007, whereas scheduling the matter for a bench trial could be set in the near future.  The City gives no genuine reason why further delay of almost six months is warranted.  The parties had 275 days to negotiate a settlement or to determine that settlement could not be reach.  On February 27, 2007, seven months after the Magistrate Judge's order granting a stay of proceedings, the parties agreed that the settlement negotiations were at an impasse.  Still defendant did not ask for a jury trial.  Three more months went by without further negotiation, and it was only at the prompting of this court that a mediation conference was held.  Still the City only now, at this late date, requests a jury trial.  The court agrees that ATM would be prejudice because it

4

would push out to December any chance for a determination on the merits.

Moreover, damages in this case are purely economic in nature.  It is a matter of reviewing the relevant financial records with the court, and persuading the trier-of-fact as to their significance.  Those documents should already be distilled down to their essence by this date.  Given the damages reports filed thus far with the court, ATM claims that it could proceed to a non-jury trial without conducting extensive further discovery.  Further, ATM claims it has given up its right to depose the City's economic expert in exchange for the streamlined discovery process agreed upon between the parties in connection with Docs. 50, 53 and 59 (Doc.   , p. 2).  ATM contends that it has always been the intent of the parties throughout this litigation for this case to proceed to a bench trial if settlement was not reached.  If not, ATM indicated that it would have prepared the case differently. In *Parrott*, the defendant formally opposed the motion new trial on the ground that he would be seriously prejudiced because for many months he had structured his trial preparation in anticipation of a bench trial.  707 F.2d at 1267.  The plaintiff in the instant case is similarly situated.  The Eleventh Circuit Court of Appeals did not find an abuse of discretion when the trial judge ruled against granting a jury trial under those circumstances.  *Id.*

## **CONCLUSION**

Thus, for the foregoing reasons, the City's motion for a jury trial is DENIED.

Done this 18th day of June, 2007.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE