IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ATM EXPRESS, INC.,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )     CIV. ACTION NO:  2:04cv990-WC
                                      )
MONTGOMERY, ALABAMA, *et al.*,        )
                                      )
            Defendants.               )


## MEMORANDUM OPINION AND ORDER

This Court adopts its previous summation in its Memorandum Opinion and Order denying Defendant's Motion for a Jury Trial (Doc. 73).   Defendant Montgomery, Alabama ("the City") now files a Motion for Reconsideration (Doc. 75) of this Court's prior Memorandum Opinion and Order (Doc. 73).  The City first argues that this Court's findings were "based on findings of fact and assumptions unsupported by the record that are clearly erroneous" (Doc. 75, p. 1).  The City further assumes that "this Judge's unfamiliarity with the background led to such errors" (Doc. 75, p. 1).   The City claims error for the following reasons:

    1.    The City was not allowed to reply to and dispute the Response to its Motion
          for Jury Trial filed on June 13, 2007, by Plaintiff, ATM Express, Inc.,
          ("ATM") (Doc. 70).

2.    The City purports that "this Court misconstrued the purpose of the 275 day stay and erroneously found 'a stay was granted for a period of 275 days through April 9, 2006 for the purpose of the parties negotiating appropriate attorney's fees'" (Doc. 75, p. 2).

3.    The City purports that "[l]ikewise, this Court erroneously concluded that 'the parties had 275 days to negotiate a settlement or to determine that settlement could not be reached'" (Doc. 75, p. 3).

4.    The City further purports that the "City never thought there would be any trial, and certainly never agreed that the issue of damages should be tried by the Court without a jury" (Doc. 75, p. 6).

The City's remaining arguments are essentially a restatement of arguments made in its original Motion (Doc. 69).

For the reasons previously indicated, in addition to the further analysis set forth herein, the City's Motion for Reconsideration is denied.


**ARGUMENT**

The City's initial argument, that it was not allowed to respond to and dispute ATM's response to its original Motion (Doc. 69), has no basis in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any specific order.  Motions are often brought and decided after the opposing party responds, without further reply.  Neither

party requested oral argument on the motion.  In addition, the "hearing" referred to was set as a status conference prior to the filing of the City's Motion (*See* Doc. 67).  It was never set as a hearing for oral argument on the Motion, though the Court did indicate that the parties should be prepared to discuss the Motion should the Court need further clarification (*See* Doc. 71).  Moreover, the City has now replied to ATM's Response, and to this Court's order of June 18, 2007, through its Motion for Reconsideration (Doc. 75).  Thus, this issue is rendered moot.  In light of the City's Motion for Reconsideration, the undersigned carefully considers the new issues raised.

The City claims that this Court misconstrued the purpose of the 275 day stay by its statement that "the parties had 275 days to negotiate a settlement or to determine that settlement could not be reached" (Doc. 73, p. 4).  This Court, however, carefully reviewed its Order on Motion of October 5, 2005, and in the introduction, it was stated:

> On 30 September 2005, the parties filed a Joint Motion To Remove Case From the Trial Docket (Doc. # 50).  The parties jointly seek a definite stay of this case to permit them to *calculate, determine, and settle* the plaintiff's claim for damages, to *brief the issue of damages if they are unable to settle*, and to consider and, if possible, *settle the issue of the amount of attorney fees* (Doc. 53, p. 1, *emphasis supplied*).

Thus, in her preamble, Judge McPherson clearly stated the reason for the stay was to "calculate, determine, and settle the plaintiff's claim for damages."  On page 2 of the same order, the Court outlined the parties requests, and listed among the requests "a 275-day stay to enable the plaintiff to make a reasonable calculation of damages, to settle the

3

issue of damages, and to settle the issue of attorney fees" (Doc. 53, p. 2).  In addition, the Court ordered the parties to "begin exploring the possibilities for settlement" and further ordered the parties to "notify the court of the likelihood, or lack thereof, of settlement of the remaining issues of damages and/or attorney fees" (Doc. 53, p. 4).  Moreover, the parties *stipulated* to a sum of reasonable attorney's fees through July 25, 2005, of $24,975.00 (Doc. 53, p. 5).  Because the parties did not enter into "timely payment of this sum . . . pursuant to full settlement," the City is now required to pay interest at a rate of eight percent (8%) per annum from the date of the order (Doc. 53, p. 5).[1]  However, to be clear, this Court recognizes the 275 day stay was to determine the amount of damages in order to facilitate settlement.

Also, within the October 5, 2005 Order, there is no mention of jury trial should the parties fail to settle the issue of damages and attorney's fees.  What is stated in the order is the Court's intent to have the parties *brief the issue of damages* should the parties fail to reach agreement on this issue.  The clear suggestion of the order is that the issue of damages would be decided on briefs, much like the Constitutional issue.  Thus, the undersigned permits the parties to pursue the issue of damages by bench trial and/or by briefs.  This Court maintains that the record supports a jury trial was never contemplated by the parties, nor by this Court.

The Court notes a distinct absence of any mention of a jury trial in the original

---

[1] The parties recognize the stipulation of attorney's fees in their joint stipulation of facts (Doc. ___, p. 1).

Petition, Answer or October 2005 Order.  Nor did the City ask the Court for a jury trial, or even to reserve the right to a jury trial.  When the parties made their Joint Report on Settlement (Doc. 64-1), filed on December 1, 2006, the City did not request a jury trial.  In Plaintiff's Unopposed Motion to Set the Case for Trial filed on February 27, 2007 (Doc. 65), Defendant did not request a jury trial.  After a careful review of the record, this Court finds that the issue of a jury trial was *never* mentioned, nor did either party reserve its right, until the City filed its Demand for a Jury Trial on June 13, 2007 (Doc. 69).  The stay was granted so the parties could conduct whatever further investigation was necessary to calculate damages to facilitate settlement.  Further, this Court did not mean that the parties were *required* to reach a settlement within the 275 days, only that the purpose of the stay to accumulate the required information in order to facilitate settlement.  The parties had 275 day plus almost ten months to settle the case.  That they were not able to accomplish this goal[2] is made clear by the current posture of the case.

The City also takes the position it always believed the case would settle out of court, which is the reason why the City never asked for a jury trial prior to June 13, 2007.  The City states on reconsideration:  "[a]t this stage, City's counsel was of the opinion that the remaining issue of damages would be settled upon ATM's completion of the 275 day exemplar operation and ATM's filing of its reports" (Doc. 75, p. 3).  The City further states iIt was only after mediation failed that the "City felt a trial on damages might be

---

[2]This Court notes the City's position that it did not have all the documents it needed for purposes of its audit until approximately August 2006 (Doc. 75, p. 5).

required . . ." (Doc. 75, p. 6).  Essentially, the City is contending that it always believed the parties would settle out of court, and suggests "surprise" that the parties could not reach a settlement.

Litigation is fraught with risk and ATM had not guaranteed settlement in any way (or at any time).  In fact, the litigation was continued beyond the 275 day period (which expired on July 8, 2006), because the parties *had not settled.*  At the very least, the City was aware that the parties were at odds by the time ATM filed it Supplemental Notice of Objective Damages on April 21, 2006 (Doc. 54-1), to which the City objected on May 12, 2006 (Doc. 56).  The impasse was memorialized in the Joint Report on Settlement on December 1, 2006 (Doc. 64-1).  In the Joint Report, the parties stated:

1. Defendants' audit and review has been completed.
2. The parties have negotiated in good faith seeking to reach a settlement of damages.
3. The parties *have been unable to reach a settlement and it is unlikely that a settlment can be reach voluntarily with mediation.*
4. The Court has ordered private mediation to be concluded by December 15, 2006.
5. The parties are of the opinion that Magistrate mediation will be more effective in further settlement negotiations. (Doc. 64, p. 1, *emphasis supplied*).

Thus, the undersigned seriously questions that the City always believed the case would settle up until the day mediation was conducted on May 31, 2007.  Even then, the City waited another month-and-a-half to request trial by jury.

As to the Court's statement that it was on the *prompting of this Court* that the

6

parties mediate the case, the Court was referring to the Joint Report on Settlement wherein it was stated "[t]he Court has ordered private mediation to be concluded by December 15, 2006" (Doc. 64, p. 1). The parties later requested and agreed to mediation by a magistrate judge, but this does not change the fact as noted in the parties' Joint Report, that the Court ordered mediation in the first place.

In fact, in the Consent Motion for Hearing to Set Case for Trial filed by ATM on February 27, 2007, *and unopposed by the City*, ATM moved this court to "enter a new Scheduling Order which sets a *non-jury trial* and establishes appropriate pretrial deadlines" (Doc. 65, *emphasis supplied*). This Consent Motion was filed before the mediation occurred on May 31, 2007, acknowledging the parties anticipatrf that the case may not settle. The parties requested that the case be referred to a magistrate judge for mediation, but in the same unopposed motion, acknowledged that "a new Scheduling Order should be entered with appropriate dates for filing of pretrial statements and other pre-trial deadlines in the event the mediation is unsuccessful" (Doc. 65, p. 2). Moreover, ATM "move[d] this Court to refer this matter to a Federal Magistrate for mediation by a date certain and to enter a new Scheduling Order which includes a date for a *non-jury trial on damages*" (Doc. 65, p. 2, *emphasis supplied*).

The document also reflects the intent of the parties as to the type of trial. If a non-jury trial was not the City's intent, it would have opposed ATM's Motion in February 2007. Even prior to this unopposed motion, the City should have prepared for this

contingency by asking for a jury trial when it became clear that the parties were at an impasse in December 2006.  In fact, the City should have protected its right for a jury trial as of right, if it believed it important, when it filed its initial pleadings as damages were requested from the onset of this litigation.  The lack of response to the request for a non-jury setting demonstrates, at the very least, a final failure to preserve the right to a jury trial.

If there was not "inadvertent delay" as the City contends, then it was a tactical decision by the City to not request a jury trial over the two-and-a-half years this case has been in litigation.  The complaint clearly sought compensatory damages for losses occasioned by enforcement of the ordinance in Count II (Doc. 1).  Certainly the City was well aware that the remaining issue was only one of damages after the Court granted judgment and injunctive relief on the Constitutional questions on July 8, 2005 (Doc. 36).  It should have been "crystal clear," as ATM contended in its Response (Doc. 70, p. 4), that damages were an important issue when ATM filed its notice of objective damages on August 26, 2005 (Doc. 47).

The City admitted in its Demand for Trial by Jury that "[t]he only issue remaining is to calculate damages for the discrete period of time during which Plaintiff was unable [to] operate its business under the facts of this case" (Doc. 69, p. 3).  The City further admitted that "[t]he parties were able to agree on the attorney['s] fees and exemplar for calculating damages, but not on the amount of damages" (Doc. 69, p. 3).  ATM claimed,

and the City does not dispute in its Response, that "the damages presented in this case are purely economic and have already been identified and distilled down to a form specifically tailored for non-jury review" (Doc. 70, p. 4-5).

The City requested time to "complete its audit and records review and any discovery necessary to ascertain the sources and validity of Plaintiff's damages assessment;" they asked for "original documents," and upon receipt of same that the "City is of the opinion . . .City's audit and review can be promptly completed, with necessary discovery, if any, scheduled and completed within forty (40) days, or by 21 September 2006" (Doc. 60, p. 1-2). The motion for extension was granted (Doc. 61). Another request for extension was requested September 29, 2006 due to an illness by defense counsel (Doc. 62). The deadline for completing the audit and review was extended to October 23, 2006 (Doc. 63). The City does not now submit ATM failed to furnish the documents requested by September 2006. It does not claim that it failed to complete its audit and review by October 2006. It does not dispute the parties were unable to reach agreement by December 2006. The City claims now, in June 2007, it will be prejudiced by the failure of this Court to grant it a jury trial.

There is strong and compelling reasons for not doing so as this Court previously stated. First, placing this matter on the trial docket will cause further delay as a bench trial is scheduled for July 26, 2007. Second, this Court agrees ATM will be prejudiced by the change in tack as it prepared the case and conducted discovery with the understanding

that if the parties did not settle, the case would proceed to a bench trial.  Third, the City, through its inadvertence, or conscious decision, never requested a jury trial until this late hour when it clearly could have previously done so.   Fourth, and most importantly, by a careful review of all of the documents of record, this Court concludes that it was the intent of the parties to proceed to a non-jury trial should negotiations fail.

## **CONCLUSION**

Thus, for the foregoing reasons, and after careful consideration of the arguments of the parties and a review of the entire record, this Court find that the Defendant's Motion for Reconsideration (Doc. 75) should be, and is herein, DENIED.

Done this 3rd day of July, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE